IN THE UNITED STATES DISTRICT COURT
EASTER DISTRICT OF TENNESSEE
AT GREENVILLE

| | |
|---|---|
| JOHN DOE #007, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. |
| | ) |
| WILLIAM LEE, Governor of the State | ) |
| of Tennessee, in his official capacity, | ) |
| | ) |
| and | ) |
| | ) |
| DAVID RAUSCH, Director of the | ) |
| Tennessee Bureau of Investigation, | ) |
| in his official capacity, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## COMPLAINT

1. Plaintiff, John Doe #007[1] brings this 42 U.S.C. § 1983 action alleging that Defendants have violated, and continue to violate, the Plaintiff's Constitutional right against *ex post facto* punishment through retroactive imposition on him of Tennessee's sex offender restrictions and monitoring requirements. Plaintiff seeks declaratory and injunctive relief against the Defendants.

## PARTIES

2. Plaintiff, John Doe #007, is an adult resident of Green County, Tennessee.

3. Defendant, William Lee, is the Governor of the State of Tennessee.

---

[1] Plaintiff will be filing a motion to proceed under pseudonym and for protective order shortly after filing this Complaint.

1

4. Defendant, David Rausch, is the Director of the Tennessee Bureau of Investigations, a state agency with a primary enforcement role in Tennessee's sex offender registration scheme.

## JURISDICTION AND VENUE

5. This Court has federal question jurisdiction over the federal claims in this matter pursuant to 28 U.S.C. § 1331. Venue lies in this district pursuant to 28 U.S.C. § 1391(b)(1) because Defendants are state officials whose offices are located in this district.

## FACTUAL BACKGROUND

### Plaintiff's Background

6. Plaintiff is a fifty-three (53) year-old man.

7. Plaintiff is required to be registered on Tennessee's Sex Offender Registry due to a 2001 conviction for rape of a child out of Washington County, Tennessee.

8. In 2004, Tennessee passed new restrictions on convicted sex offenders hereinafter referred to as "SORA." The restrictions applied retroactively to offenders who were convicted prior to the passage of the 2004 legislation.

### B. Tennessee's Sex Offender Registration and Monitoring

9. Under present law,[2] Tennessee requires the following affirmative obligations from Plaintiff, on pain of criminal prosecution:

   a. Quarterly registration with local law enforcement;

   b. Payment of annual registration and monitoring fees;

   c. Re-registration within forty-eight hours if Plaintiff relocates to a new municipality or county, even on a temporary basis for work or school;

---

[2] T.C.A. § 40-39-201 *et seq.*

d. When in public, <u>always</u> carry his state-issued identification with him, which must have a sex offender designation on it.

10. Tennessee's SORA incudes a "Tennessee Sex Offender Registry" website maintained by the Tennessee Bureau of Investigation ("TBI"), which makes the following information about Plaintiff public:

    a. Name

    b. Classification

    c. Status of "ACTIVE"

    d. Date of birth

    e. Full criminal history

    f. Residential address

    g. Race and gender

    h. Last date of information verification

    i. Most recent photograph submitted to TBI

    j. Driver's license and/or state identification number

    k. Physical description including height, weight, eye color, hair color, tattoos, scars, and marks

    l. Criminal history, including the date of all arrests and convictions, probation and/or parole status, and the existence of any outstanding warrants

    m. Address of Plaintiff's employer(s)

    n. License plate number and description of Plaintiff's vehicle(s)

11. SORA prohibits Plaintiff from the following, on pain of felony criminal prosecution:

a. Working or residing within 1000' of a school, day care center, other child care facility, public park, playground, recreation center, or public athletic field;

b. Residing within 1000' feet of the victims from Plaintif's criminal case, or any of the victims' family members; coming within 100' of the victims; or, contacting the victims without their consent.

c. Any of the following, unless picking up or dropping off his own child at school after giving written notice of his sex offender status to the school's principal, or attending a conference with officials at a school, day care, child care, recreation center, or playground with written permission from the administrator:

   i. Entering the premises of any school, day care center, other childcare facility, public park, playground, recreation center, or public athletic field when there is reason to believe that children may be present;

   ii. "Stand[ing] idly, or remain[ing]" within 1000' feet of any school, day care center, other child care facility, public park, playground, recreation center, or public athletic field "while not having a reason or relationship involving custody of or responsibility for a child or any other specific or legitimate reason for being there;"

   iii. Being within any vehicle owned, leased, or contracted by a school, day care, childcare, or recreation center when children under 18 years of age are present;

d. Residing with two or more other convicted sex offenders;

e. Being alone with a minor in a "private area."

f. Residing with, or having an overnight visit in, a place in which a minor is present.

12. SORA authorizes the following additional optional punishments against Plaintiff:

a. Public libraries may ban Plaintiff from their premises;

b. Municipalities may implement a "community notification system" to alert members of the public should Plaintiff indicate his intention to move there;

c. A municipality where Plaintiff resides may charge Plaintiff up to $50 per year toward the cost of its community notification system.

13. The 2004 Sex Offender Registry Act has substantially interfered with the Plaintiff's life. The Registry has affected the Plaintiff's family life in multiple ways. He has a daughter with whom he does not maintain a relationship because she lives in South Carolina, and it is difficult for him to travel out of state. When the Plaintiff's life partner's grandchildren come to his home, he has to remove himself from the home while they visit. The SORA affects virtually every aspect of the Plaintiff's life regarding where he can live, work and recreate.

14. Plaintiff resides in Green County, Tennessee, a semi-urban community with a large number of schools, daycares, parks, and other prohibited zones. Because of SORA, Plaintiff must be very careful about where he goes in his community.

## CLAIMS FOR RELIEF

### COUNT I

*Ex Post Facto* **Violation in Violation of Article I, § 10 of the U.S. Constitution (42 U.S.C. § 1983)**

15. As applied to Plaintiff, Tennessee's SORA constitutes "punishment" within the meaning of the *ex post facto* clause of Article I, § 10 of the U.S. Constitution.

16. Defendants Lee and Rausch are proper official capacity defendants because they both have roles in enforcing Tennessee's SORA.

5

Case 2:23-cv-00153-KAC-CRW   Document 1   Filed 11/21/23   Page 5 of 7   PageID #: 5

17. Plaintiff is entitled to declaratory and injunctive relief prohibiting Defendants from continuing to enforce Tennessee's SORA on him in violation of his constitutional right against *ex post facto* punishment.

## **REQUEST FOR RELIEF**

PREMISES CONSIDERED, YOUR PLAINTIFF PRAYS AS FOLLOWS:

1. That the Defendants answer this Complaint within the time provided by law.

2. That the Court grant a preliminary injunction enjoining Defendants from enforcing Tennessee's SORA against Plaintiff solely on the basis of his 2001 conviction.

3. That a judgment for Plaintiff enter against the Defendants on each count.

4. That the judgment declare that it is unconstitutional for Tennessee to retroactively impose SORA on Plaintiff solely on the basis of his 2001 conviction.

5. That the judgment permanently enjoin Defendants from enforcing Tennessee's SORA restrictions against Plaintiff solely on the basis of his 2001 conviction.

6. That Plaintiff be awarded his attorney's fees and reasonable litigation expenses, including expert witness fees, pursuant to 42 U.S.C. § 1988 and F.R. Civ. Pro. 54(d).

7. That the court costs in this matter be taxed to Defendants.

8. That Plaintiff be awarded all other relief to which it may appear he is entitled in the interests of justice.

Respectfully submitted this 21st day of November, 2023.

                              BURCH, MORRISON & STEWART

                      By:    *s/ Eric J. Burch*
                             Eric J. Burch (#19320)
                             Attorney for Plaintiff
                             200 South Woodland Street
                             Manchester, Tennessee 37355
                             (931) 954-1066
                             Eburch@ericjburch.com