UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENVILLE

| | |
|---|---|
| JOHN DOE #7, | ) |
| Plaintiff, | ) |
| v. | ) No.: 2:23-cv-153-KAC-CRW |
| WILLIAM LEE, *in his official capacity*, et al., | ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

This case is before the Court on "Plaintiff's Unopposed Motion for Preliminary Injunction" [Doc. 13] and the Parties' "Joint Motion to Administratively Stay Case Pending Ruling in Sixth Circuit Appeal" [Doc. 16]. For the reasons stated below, the Court grants "Plaintiff's Unopposed Motion for Preliminary Injunction" [Doc. 13] and the Parties' "Joint Motion to Administratively Stay Case Pending Ruling in Sixth Circuit Appeal" [Doc. 16].

**I.  BACKGROUND**

In 1994, the Tennessee General Assembly passed the Sexual Offender Registration and Monitoring Act ("SORMA"). 1994 Tenn. Pub. Acts ch. 976. SORMA required qualified sexual offenders to register within ten (10) days of release from the end of probation or incarceration without supervision, but the registry was confidential and available only to law enforcement. *Id.* §§ 4, 7(c). Violations of SORMA were a Class A misdemeanor. *Id.* § 9.

In 2004, the Legislature repealed SORMA and replaced it with the Sexual Offender and Violent Sexual Offender Registration, Verification, and Trafficking Act ("SORVTA"). 2004 Tenn. Pub Acts, ch. 921. Since its original enactment, the Tennessee Legislature has continued to amend the act. *See, e.g.*, H.B. 1503, 108th Gen. Assemb., 2014 Sess. (Tenn. 2014). In its current

form, SORVTA requires all registrants included in the class of "violent sexual offenders," including categories of "sexual offenders who prey on children" and "repeat sexual offenders," to register for life. Tenn. Code Ann. §§ 40-39-201(b)(1), 202(20), 202(30)-(31), 207(g)(2). Registrants must submit, and maintain as accurate with law enforcement, a substantial amount of personal information, including home address, phone number, employer address, photographs, and more, which is made available through Tennessee's Sex Offender Registration website. *Id.* § 40-39-206(d). Beyond registration requirements, the SORVTA also imposes a number of significant restrictions on a sex offender's residence and movement throughout the community. *Id.* § 40-39-211(d)(1). Violations are a class E felony. *Id.* §§ 40-39-208(b); 211(f).

In 2001, Plaintiff was convicted for "rape of a child," Tenn. Code. Ann. § 39-2-6, in Washington County, Tennessee [Doc. 1 ¶ 7]. At the time of his conviction, only the lesser restrictions of SORMA were in place, but since 2004 the restrictions of SORVTA, as amended, have retroactively been applied to him [*Id.* ¶ 8]. Plaintiff brought this Section 1983 suit alleging that the application of SORVTA, as amended, to him violates the Ex Post Facto Clause [*Id.* ¶¶ 16-17]. Plaintiff ultimately seeks a permanent injunction preventing "Defendants from enforcing [SORVTA] restriction against plaintiff solely on the basis of his 2001 conviction" [*Id* at 6].

## II.  PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY INJUNCTION

The Court first addresses "Plaintiff's Unopposed Motion for Preliminary Injunction" [Doc. 13]. As an initial matter, even though Defendants do not oppose Plaintiff's "Motion for Preliminary Injunction,"[1] the Court must examine Plaintiff's Motion because "a

---

[1] Defendants "recognize that *Does #1-5 v. Snyder*, 834 F.3d 696, 699 (6th Cir. 2016), is binding precedent," that indicates a preliminary injunction may be appropriate [Doc. 13 at 2 n.1]. However, Defendants "maintain that [SORVTA] does not violate the Ex Post Facto Clause" [*Id.*]

2

preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) (citation omitted).

The standard for a preliminary injunction is an exacting one. The Court considers "(1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury without the injunction; (3) whether issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of the injunction." *Union Home Mortg. Corp. v. Cromer*, 31 F.4th 356, 365-66 (6th Cir. 2022) (quoting *City of Pontiac Retired Emps. Ass'n v. Schimmel*, 751 F.3d 427, 430 (6th Cir. 2014) (en banc) (per curiam)). "While no single factor necessarily is dispositive, the first—the likelihood of success—in many instances will be the determinative factor." *Dahl v. Bd. of Tr. of W. Mich.*, 15 F.4th 728, 730 (6th Cir. 2021) (citations omitted).

**A. Plaintiff has Demonstrated a Likelihood of Success on the Merits.**

The Constitution provides that "[n]o State shall . . . pass any . . . ex post facto Law." U.S. Const. art. I, § 10, cl. 1. An ex post facto law is one that "disadvantage[s] the offender affected by it . . . by altering the definition of criminal conduct or increasing the punishment for the crime." *Lynce v. Mathis*, 519 U.S. 433, 441 (1997) (citation omitted). A state violates the Ex Post Facto Clause when it enacts a law that "inflicts a greater punishment, than the law annexed to [a] crime, when committed." *Id.* (quoting *Calder v. Bull*, 3 U.S. (3 Dall.) 386, 390 (1798)); *see also Smith v. Doe*, 538 U.S. 84, 92 (2003).

In *Does #1-5 v. Snyder*, the Sixth Circuit rejected application of Michigan's Sex Offender Registration Act—which is substantially analogous to SORVTA, as amended, in text and history—as violative of the Ex Post Facto Clause. *See* 834 F.3d 696, 706 (6th Cir. 2016). *Snyder* is binding Sixth Circuit precedent, and Tennessee's sex offender registration regime is so similar to the Michigan regime at issue in *Snyder* that "[v]irtually every observation that the Sixth Circuit

made about the Michigan regime could be made about [Tennessee's Current] Act with, at most, minimal tweaking." *See Reid v. Lee*, 476 F. Supp. 3d 684, 706 (M.D. Tenn. 2020); *see also Doe v. Rausch*, No. 22-CV-01131, 2023 WL 25734, at *12 (W.D. Tenn. Jan. 3, 2023).

Bound by *Snyder*, SORVTA, as applied to Plaintiff, likely violates the Ex Post Facto Clause. The Tennessee Legislature has expressed its intent that the purpose of Tennessee's sex offender registration law is civil, not punitive. *See Bredesen*, 507 F.3d at 1003-04. But the Court must still analyze the practical effect of the regime. *Id.* at 1004. The Court does not write on a blank slate. As long as *Snyder* stands, Tennessee's sex offender registration regime would likely suffer the same fate as Michigan's regime, as applied to Plaintiff. *See Craig v. Lee*, No. 22-CV-181, 2023 WL 2505896, *1-2 (M.D. Tenn. Mar. 14, 2023); *Doe #11 v. Lee*, 609 F. Supp. 3d 578, 598 (M.D. Tenn. 2022); *Reid*, 476 F. Supp. 3d at 708. Accordingly, under prevailing precedent, Plaintiff has demonstrated a likelihood of success.

**B. The Other Preliminary Injunction Factors Do Not Counsel Against An Injunction.**

Having concluded that Plaintiff is likely to succeed on his claim, the other preliminary injunction factors do not counsel against the issuance of a preliminary injunction. The Sixth Circuit has suggested that "if it is found that a constitutional right is being threatened or impaired, a finding of irreparable injury is mandated." *Bonnell v. Lorenzo*, 241 F.3d 800, 809 (6th Cir. 2001). At a minimum, "irreparable injury is presumed." *Am. Civil Liberties Union Fund of Mich. v. Livingston Cnty.*, 796 F.3d 636, 649 (6th Cir. 2015) (quoting *Obama for Am. v. Husted*, 697 F.3d 423, 436 (6th Cir. 2012)). There is undoubtedly a risk that Plaintiff may reoffend if he is no longer subject to the registration and reporting requirements of SORVTA, but that risk and the weight of that risk is unknown on this record. And "the public interest is served by preventing the violation of constitutional rights." *Chabad of S. Ohio & Congregation Lubavitch v. City of Cincinnati*, 363 F.3d 427, 436 (6th Cir. 2004). Although "sex offenses involve abominable, almost

4

unspeakable, conduct that deserves severe legal penalties, punishment may never be retroactively imposed or increased" under the Constitution. *Snyder*, 834 F.3d at 705. Accordingly, the Court **GRANTS** "Plaintiff's Unopposed Motion for Preliminary Injunction" [Doc. 13].

### III. JOINT MOTION TO STAY PENDING SIXTH CIRCUIT RULING

The Court next addresses the Parties' "Joint Motion to Administratively Stay Case Pending Ruling in Sixth Circuit Appeal" [Doc. 16], asking the Court to stay this action "until after the Sixth Circuit rules on the merits of a pending appeal that the Parties believe will directly impact this litigation" [Doc. 16 at 1]. *See also John Doe #1, et al. v. Lee, et al.*, No. 23-5248 (6th Cir. Mar. 28, 2023). In support of their Motion, the Parties assert that *John Doe #1, et al.* involves "the same or substantially similar legal issues to those at the heart of this case" [*Id.* at 2]. Thus a stay pending a ruling "would be the most efficient use of party and judicial resources" [*Id.*].

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). But "a court must tread carefully in granting a stay of proceedings, since a party has a right to a determination of its rights and liabilities without undue delay." *Ohio Env't Couns. v. U.S. Dist. Ct., S. Dist. of Ohio, E. Div.*, 565 F.2d 393, 396 (6th Cir. 1977). The Court "weigh[s] competing interests and maintain[s] an even balance." *Landis*, 299 U.S. at 254-55 (citations omitted).

Here, a stay of this action until the Sixth Circuit adjudicates *John Doe #1, et al.* is warranted. Proceeding with this litigation would needlessly cause the Parties and the Court to expend time and effort while the Sixth Circuit is considering a potentially dispositive legal issue of Constitutional import. A stay, in conjunction with the preliminary injunction, will benefit both Parties and allow the Court to efficiently "control the disposition of the causes on its docket." *See Landis*, 299 U.S. at 254. This will result in "economy of time and effort" for the Parties,

counsel, and the Court. *See id.* Accordingly, the Court **GRANTS** the Parties' "Joint Motion to Administratively Stay Case Pending Ruling in Sixth Circuit Appeal" [Doc. 16].

## IV.     CONCLUSION

For the reasons above, the Court **GRANTS** "Plaintiff's Motion for Preliminary Injunction," [Doc. 7]. Plaintiff **MUST** be removed from the Tennessee Sex Offender Registry. And the Court **ENJOINS** Defendant from enforcing the Sex Offender and Violent Sex Offender Registration, Verification and Tracking Act, Tenn. Code Ann. § 40-39-201, *et seq*., against Plaintiff, **effective on the date of this Memorandum Opinion and Order.**

Additionally, the Court **GRANTS** the Parties' "Joint Motion to Administratively Stay Case Pending Ruling in Sixth Circuit Appeal" [Doc. 16] and **STAYS this action** until the Sixth Circuit adjudicates *John Doe #1, et al. v. Lee, et al.*, No. 23-5248 (6th Cir. Mar. 28, 2023). **All hearings, deadlines, and the trial of this matter are STAYED** pending further order of the Court. The **Parties SHALL file a joint status report at least every ninety (90) days** following the issuance of this Order. And within **seven (7) days** of the Sixth Circuit's adjudication of *John Doe #1, et al. v. Lee, et al.*, No. 23-5248 (6th Cir. Mar. 28, 2023), the Parties **SHALL jointly** file a Notice of the adjudication. Further, within **thirty (30) days** of the Sixth Circuit's adjudication of *John Doe #1, et al. v. Lee, et al.*, No. 23-5248 (6th Cir. Mar. 28, 2023), the Parties **SHALL jointly** file a status report addressing any impact the adjudication of that case may have on this case. If the Parties cannot agree on a joint submission, each Party shall file a separate status report. **No status report may exceed five (5) pages in length.**

SO ORDERED.

                                               s/ Katherine A. Crytzer
                                               KATHERINE A. CRYTZER
                                               United States District Judge